FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA** 97 JUN 12 PM 4: 18
**Southern Division**

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANITA COLLIER,                          )
    Plaintiff(s);                       )
                          )
-vs.-                                   )        No. CV-95-P-2834-S
                          )
LLOYD NOLAN HOSPITAL,                   )        ENTERED
    Defendant(s).                       )

JUN 12 1997

## OPINION

    A Motion for summary Judgment by defendant Lloyd Nolan Hospital ("LNH") was considered at a prior motion docket. For the following reasons, this motion is due to be granted.

    On April 12, 1994, the plaintiff, Anita Collier, was hired by LNH as a purchasing coordinator. On April 20, Addie Towns, a black female, filed a charge of discrimination with the EEOC against LNH. She asserted that she had refused the job offered to Collier because she was told that there would be no increase in pay. However, when Collier was hired, she received what would have been an increase in pay to Towns. As a result of the EEOC charge, LNH conducted an investigation into Towns' allegations and determined that Towns was not offered the purchasing coordinator position at a higher salary because of her race. To resolve Towns' charge of discrimination, she was placed in the position that she had wanted but did not receive. On May 11, 1994, Collier was notified that her employment was being terminated because an EEOC charge had been filed. Collier was terminated and replaced with Towns to resolve Towns' charge of discrimination against LNH.

    On May 13, 1994, Collier filed an EEOC charge alleging that she was discharged because an EEOC charge had been filed by another employee. On March 29, 1995, Collier filed a lawsuit

which was dismissed without prejudice on October 5, 1995 for untimely service.  On November 6, 1995, Collier filed this lawsuit, alleging that LNH discriminated against her in violation of Title VII by preferring a less qualified black person for the position because the black person had filed an EEOC charge.

A good faith settlement of a claim of past discrimination is a legitimate, non-discriminatory reason for an employer's employment decision.  *Marcantel v. Louisiana*, 37 F.3d 197, 202 (5th Cir. 1994).  LNH has introduced evidence that its action was a good faith attempt to remedy Towns' claim of discrimination.  Collier has introduced no evidence that would demonstrate that LNH's reason was pretextual.  Therefore, LNH's Motion for Summary Judgment is due to be granted.

Dated: June __//__ , 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. John F. Kizer
    Mr. David R. Proctor
    Mr. Albert L. Vreeland, II
    Ms. Sally Broatch Waudby